UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALBA L. TORO,

    Plaintiff,

v.                                                         Case No. 6:18-cv-2039-Orl-37DCI

FL CALIBRE BEND, LLC,

    Defendant.
_____

## ORDER

In the instant Title VII and Florida Civil Rights Act action, Defendant moves the Court to compel arbitration and stay proceedings. (Doc. 13 ("**Motion**").) Plaintiff resists, asserting the arbitration provision is unenforceable and, even if not, that Defendant waived its right to arbitration by participation in the EEO investigation that preceded this action. (Doc. 16.) Plaintiff's resistance is unpersuasive. The Motion is granted.

### I.    BACKGROUND

Plaintiff was hired in 2016 as a leasing agent for Defendant Fl Calibre Bend, LLC ("Calibre"), a property management company. (Doc. 6, ¶¶ 5–6.) When hired, Plaintiff received an Employee Handbook and signed a document titled "Worksite Employee Notice & Acknowledgments" (Doc. 6-1, p. 2 ("**WENA**")). (Doc. 6, ¶¶ 6–7, 45; *see also* Doc. 16, ¶ 1.) Both documents were prepared by a human resources services entity named "TriNet:"

> The organization for which you perform services (Company) has contracted for TriNet SOI ("TriNet") to provide services under which you will be paid through TriNet for work you perform for and under the direction of Company, and you may also be able to participate in certain benefits offered through TriNet. No modification to this page as originally written will be effective. Please sign below:

-1-

(Doc. 6-1, p. 2.) The WENA contained the following arbitration provision:

> If arbitration agreements are forbidden by law with respect to my employment (for example, if I am employed on a federal contract) the agreement to arbitrate below will not apply, and if I am represented by a union and my collective bargaining agreement (CBA) is inconsistent with my agreement to arbitrate in a given case then the agreement to arbitrate will not apply. The waiver of trial by jury below will continue to apply in all cases. I and TriNet agree that any legal dispute involving TriNet, Company, or any benefit plan, insurer, employee, officer, or director of TriNet or Company (all of which are beneficiaries of this agreement to arbitrate and waiver of jury trial) arising from or relating to my employment, wages, leave, employee benefits, application for employment, or termination from employment will be resolved exclusively through binding arbitration before a neutral arbitrator in the capital or largest city of the state in which I work or another mutually agreed location (TriNet may appear by phone), and that I will participate only in my individual capacity, not as a member or representative of a class or part of a class action or in a consolidated case, provided this will not impair my right to engage in collective action under Section 7 of the National Labor Relations Act. Arbitration will use the rules of a neutral, mutually agreeable arbitration service, may grant the same remedies that would be available in a court of law (and no more) including applying statutes of limitations to any claims, and use the same rules of evidence as a federal court. Unless prohibited by law costs of arbitration will be shared equally by the parties. If applicable law requires provisions in an arbitration agreement which are not included here or are different from what is included here, they will be deemed incorporated to the minimum extent necessary to validate this arbitration agreement. Disputes will be resolved solely upon applicable law, evidence adduced at trial, and defenses raised, granting relief on no other basis, and the arbitrator may grant summary disposition or disposition on the pleadings. The arbitrator will render a reasoned written decision. No failure to strictly enforce this agreement to arbitrate will constitute a waiver or create any future waivers and no-one other than counsel for TriNet (in writing) may waive this agreement for TriNet. If for any reason a matter is not resolved through arbitration I AND TRINET MUTUALLY WAIVE ANY RIGHT TO A JURY TRIAL. I am not prohibited from complaining to government agencies or cooperating with their investigations. My agreements to arbitrate and waive jury trials are contracts under the Federal Arbitration Act and any other laws validating such agreements and waivers. If any part is unenforceable, the rest will still be enforceable.

(*Id.*; *see also* Doc. 13-1, p. 2 (same document).)

In her Amended Complaint, Plaintiff cites several instances of what she alleges to be disparate treatment. (Doc. 6, ¶¶ 5–56, 61.) Notably absent from the Complaint is any allegation of the protected class Plaintiff claims membership in, but the Court will presume it to be gender based on the context of the pleading. From these instances, Plaintiff contends that her workplace was hostile and that she suffered retaliation for engaging the dispute resolution process laid out in the employee handbook, prepared by TriNet. (*Id.* ¶¶ 57–80.) After Plaintiff served Calibre (Doc. 12), Calibre filed this Motion. (Doc. 13.) With Plaintiff's opposition (Doc. 16), the matter is ripe.

## II. LEGAL STANDARDS

Under the Federal Arbitration Act ("**FAA**"), arbitration agreements are presumptively valid and enforceable. *See* 9 U.S.C. § 2. So "courts must rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013). With this, upon the motion of any party to a valid arbitration

agreement, courts must stay or dismiss litigation of all claims that fall within the agreement's scope and compel arbitration according to the agreement's terms. *See* 9 U.S.C. §§ 3–4.

"[D]espite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration." *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)); *see also Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011). Waiver of an arbitration right occurs when both: (1) the party seeking arbitration 'substantially participates in litigation to a point inconsistent with an intent to arbitrate'; and (2) 'this participation results in prejudice to the opposing party.'" *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1365 (11th Cir. 1995)). "[A]ny party arguing waiver of arbitration bears a heavy burden of proof." *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1543 (11th Cir. 1990).

### III. ANALYSIS

Calibre seeks to compel arbitration based on the clear language of the WENA. (Doc. 13, pp. 4–10.) Plaintiff opposes, claiming: (1) the WENA she signed was only with TriNet, not Calibre; and (2) Calibre waived its right to arbitrate by participating in the Equal Employment Opportunity Commission's ("**EEOC**") investigation of her charge. (Doc. 16, pp. 4–9.) The Court agrees with Calibre.

As to the arbitration provision, Plaintiff contends that the WENA applies only to TriNet and not to Calibre despite the clear reference to "[Company]" in the first

paragraph of the WENA (Doc. 6-1, p. 2.) (Doc. 16, pp. 6–8.) This argument borders on frivolous, especially considering Plaintiff attached the WENA to her Amended Complaint as the "Employee Handbook" she was bound by as Calibre's employee. (*See* Doc. 6, ¶¶ 6–7, 33, 45.) So the Court need not address whether the WENA is otherwise enforceable by Calibre.

Next, Plaintiff contends that Calibre waived its right to rely on the arbitration agreement by virtue of its participation in the EEOC investigation. (Doc. 16, pp. 3–4, 7.) Asking the Court to accept this argument is quite the tall order, as exhaustion of administrative remedies is a prerequisite to bringing a Title VII claim and the U.S. Court of Appeals for the Eleventh Circuit has clearly and unequivocally rejected it. *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222–23 (11th Cir. 2000.) Thus the waiver argument is actually frivolous, and the Motion is granted.

IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Compel Arbitration and Stay Proceedings (Doc. 13) is **GRANTED**.
2. This action is **STAYED** pending arbitration
3. The Clerk is **DIRECTED** to administratively close this action.
4. The parties are **DIRECTED** to submit joint status reports every ninety (90) days.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 21, 2019.



Copies to:
Counsel of Record